G5GSDEHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                14 CR 130 (LAP)

JAMAL DEHOYOS,

               Defendant.

------------------------------x

                                  New York, N.Y.
                                  May 16, 2016
                                  3:00 p.m.

Before:

                HON. LORETTA A. PRESKA,

                             District Judge

                     APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
RICHARD COOPER
ANDREA GRISWOLD
    Assistant United States Attorney

MEGAN BENETT
    Attorney for Defendant

1        (Case called)

2        THE COURT:  United States against James DeHoyos.  Is
3   the government ready?

4        MR. COOPER:  Yes.  Good afternoon, your Honor, Richard
5   Cooper and Andrea Griswold for the government.

6        THE COURT:  Good afternoon.

7        Is the defense ready

8        MS. BENETT:  Yes, your Honor.  Megan Benett on behalf
9   of Jamal DeHoyos, seated to my left.

10       THE COURT:  Thank you.

11       Am I correct, counsel, that Mr. DeHoyos wishes to
12  change his plea?

13       MS. BENETT:  Yes, that is correct.

14       Before we begin, I wanted to point out for the court
15  and for the record that Mr. DeHoyos' daughter, who has appeared
16  at any every appearance to date, could not be here today
17  because she could not get the time off from work.  But her
18  absence should not be taken as an indication of lack of
19  support.

20       THE COURT:  Yes, ma'am.  Thank you.

21       Mr. DeHoyos, would you stand and raise your right
22  hand.

23       (Defendant sworn).

24       THE COURT:  Thank you.

25       Do you understand, sir, that you're now under oath,

1    and if you answer my questions falsely, your answers may later
2    be used against you in a prosecution for perjury for the making
3    of a false statement?
4            THE DEFENDANT:  Yes, I do.
5            THE COURT:  Thank you.  How old are you, sir?
6            THE DEFENDANT:  40 years old.
7            THE COURT:  Where were you born?
8            THE DEFENDANT:  Brooklyn, New York.
9            THE COURT:  So you're a citizen of the United States?
10           THE DEFENDANT:  Yes, I am.
11           THE COURT:  And you read, write, speak, and understand
12   English, is that right?
13           THE DEFENDANT:  Yes, I do.
14           THE COURT:  How far did you go in school, sir?
15           THE DEFENDANT:  I got my GED at Attica Correctional
16   Facility.
17           THE COURT:  Excellent.  Are you currently or have you
18   recently been under the care of a doctor or a psychiatrist?
19           THE DEFENDANT:  No, I haven't.
20           THE COURT:  Have you been hospitalized or treated
21   recently for alcoholism, narcotics addiction or any other type
22   of drug abuse?
23           THE DEFENDANT:  No, I don't.
24           THE COURT:  Have you ever been treated for any form of
25   mental illness?

1        THE DEFENDANT:  No, I don't.
2        THE COURT:  Are you currently under the influence of
3   any substance, such as alcohol, drugs, or any medication that
4   might affect your ability to understand what you're doing here
5   in court today?
6        THE DEFENDANT:  No.
7        THE COURT:  Do you feel well enough to know what
8   you're doing here in court today?
9        THE DEFENDANT:  Yes, I do.
10       THE COURT:  Sir, have you received a copy of the
11  indictment against you S4 14 CR 130?
12       THE DEFENDANT:  Yes.
13       THE COURT:  Have you gone over it with your attorney?
14       THE DEFENDANT:  Yes, I have.
15       THE COURT:  Has she explained to you the charges
16  against you?
17       THE DEFENDANT:  Yes, she did.
18       THE COURT:  Have you told your attorney everything you
19  know about the matters that are set out in the indictment?
20       THE DEFENDANT:  Yes, I did.
21       THE COURT:  You haven't held anything back from her,
22  have you, sir?
23       THE DEFENDANT:  No, I haven't.
24       THE COURT:  Very well.
25       Counsel, do I correctly understand that there is an

1  agreement between the defendant and the government, which is
2  dated April 7, 2016 and which is signed May 16, 2016?
3             MS. BENETT:  Yes, that is correct, your Honor.
4             THE COURT:  Thank you.
5             May I ask the government to summarize, please, the
6  agreements in the letter?
7             MR. COOPER:  Yes, your Honor.
8             Pursuant to the plea agreement, the defendant is
9  agreeing to enter a plea of guilty to Count One of the
10 indictment, the S4 indictment.  There is a stipulated
11 guidelines range contained in the plea agreement, and the
12 government agrees at time of sentencing to dismiss open counts.
13            THE COURT:  Yes, sir.
14            Are those the terms and conditions of the agreement as
15 you understand them, Mr. DeHoyos?
16            THE DEFENDANT:  Yes, it is.
17            THE COURT:  Do you understand, sir, that in this
18 agreement, you and the government have agreed on a stipulated
19 guidelines range of 51 to 63 months?
20            THE DEFENDANT:  Yes.
21            THE COURT:  Do you recall that in this agreement, you
22 have agreed that you will not appeal or otherwise litigate a
23 sentence that is within or below that 51- to 63-month range?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Sir, have you had enough time to review

1  the agreement, to go over it with Ms. Benett, and to have all
2  of your questions answered?
3              THE DEFENDANT:  Yes, ma'am.
4              THE COURT:  I am holding up the original of the
5  agreement and I am turning to the last page.
6              Is that your signature over there, sir, in the
7  left-hand side under the words "agreed and consented to?"
8              THE DEFENDANT:  Yes, it is.
9              THE COURT:  Counsel, do you object to my writing the
10 date next to Mr. DeHoyos' signature?
11             MS. BENETT:  No, that's fine, your Honor.  Mr. DeHoyos
12 signed it at counsel table.
13             THE COURT:  I am writing in 5/16/2016.
14             Mr. DeHoyos, am I correct that your willingness to
15 offer to plead guilty is in part a result of this agreement
16 between you and the government?
17             THE DEFENDANT:  Yes, it is.
18             THE COURT:  Counsel, are there any additional
19 agreements between the defendant and the government that are
20 not set forth in the written plea agreement?
21             MR. COOPER:  No, your Honor.
22             MS. BENETT:  No, your Honor.
23             THE COURT:  Very well then.  The agreement is
24 acceptable to the Court.
25             Mr. DeHoyos, have you been induced to offer to plead

1    guilty as a result of any fear, pressure, threat or force of
2    any kind?
3             THE DEFENDANT:  No, ma'am.
4             THE COURT:  Have you been induced to offer to plead
5    guilty as a result of any statements by anyone, other than in
6    your written plea agreement, to the effect that you would get
7    special leniency or special treatment or some kind of special
8    consideration if you pleaded guilty rather than going to trial?
9             THE DEFENDANT:  No, ma'am.
10            THE COURT:  Do you understand that you have the right
11   to continue in your plea of not guilty and to proceed to trial?
12            THE DEFENDANT:  Yes, I do.
13            THE COURT:  Do you understand that if you do not plead
14   guilty, you have a right to a speedy and public trial before a
15   jury of 12 persons?
16            THE DEFENDANT:  Yes, I do.
17            THE COURT:  Do you understand that you have the right
18   to be represented by an attorney at trial and at every stage of
19   the proceedings, including an appeal, and if you cannot afford
20   an attorney, one will be appointed to represent you free of
21   charge?
22            THE DEFENDANT:  Yes, I do.
23            THE COURT:  Do you understand that if your plea of
24   guilty is accepted, there will be no further trial of any kind?
25            THE DEFENDANT:  Yes, I do.

1       THE COURT: Do you understand that if you pleaded not
2  guilty and went to trial, that upon such a trial you would be
3  presumed innocent unless and until the government proved your
4  guilt beyond a reasonable doubt to all 12 jurors?
5       THE DEFENDANT: Yes, I do.
6       THE COURT: Do you understand that at such a trial you
7  would have the right to confront and cross-examine all of the
8  witnesses called by the government against you?
9       THE DEFENDANT: Yes, I do.
10       THE COURT: Do you understand that at such a trial you
11  could remain silent and no inference could be drawn against you
12  by reason of your silence or, if you wanted to, you could take
13  the stand and testify in your own defense?
14       THE DEFENDANT: Yes, I do.
15       THE COURT: Do you understand that at such a trial you
16  would have the right to subpoena witnesses and evidence for
17  your own defense?
18       THE DEFENDANT: Yes.
19       THE COURT: Do you understand that if your offer to
20  plead guilty is accepted, you give up these rights with respect
21  to this charge against you, and the Court may sentence you just
22  as though a jury had brought in a verdict of guilty against
23  you?
24       THE DEFENDANT: Yes.
25       THE COURT: Do you understand that if you wanted to

1    and if the government agreed, you could have a trial before a
2    judge without a jury in which event the burden of proof would
3    still be on the government and you would still have the same
4    constitutional rights?
5             THE DEFENDANT:  Yes, I do.
6             THE COURT:  Sir, do you understand that upon your plea
7    of guilty to Count One, the Court has the power to impose upon
8    you a maximum term of imprisonment of 20 years, a maximum
9    period of supervised release of three years, a maximum fine of
10   the greatest of $250,000, twice the gross pecuniary gain
11   derived from the offense or twice the gross pecuniary loss
12   resulting from the offense, together with a mandatory
13   $100 special assessment?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Do you understand, sir, that in addition
16   to the other punishments that I just mentioned, upon your plea
17   of guilty to this charge, the Court must order you to make
18   restitution?
19            THE DEFENDANT:  Yes, ma'am.
20            THE COURT:  Sir, do you understand that if the terms
21   and conditions of supervised release are violated, you may be
22   required to serve an additional period of imprisonment which is
23   equal to the period of supervised release with no credit for
24   time already spent on supervised release?
25            THE DEFENDANT:  Yes, I do.

1    THE COURT:  Have you discussed the sentencing
2    guidelines with your attorney?
3    THE DEFENDANT:  Yes.
4    THE COURT:  Do you understand that the Court will not
5    be able to determine exactly what guideline applies to your
6    case until a presentence report has been completed and you and
7    your attorney and the government have a chance to review it and
8    to challenge the facts that are set out there by the probation
9    officer?
10   THE DEFENDANT:  Yes, ma'am.
11   THE COURT:  Do you understand that in determining a
12   sentence, it is the Court's obligation to calculate the
13   applicable sentencing guidelines range, and then to consider
14   that range, possible departures from that range under the
15   guidelines, and other sentencing factors set out in the statute
16   18, United States Code, Section 3553(a)?
17   THE DEFENDANT:  Yes, ma'am.
18   THE COURT:  Do you understand that under some
19   circumstances, as set forth in your plea agreement, either you
20   or the government might have the right to appeal whatever
21   sentence is imposed?
22   THE DEFENDANT:  Yes, ma'am.
23   THE COURT:  Do you understand that parole has been
24   abolished, and if you're sentenced to prison, you will not be
25   released on parole?

1        THE DEFENDANT:  Yes, ma'am.
2        THE COURT:  Do you understand that you will not be
3    able to withdraw your plea on the ground that your lawyer's
4    prediction or anybody else's prediction as to the applicable
5    sentencing guidelines range or as to the actual sentence turns
6    out not to be correct?
7        THE DEFENDANT:  Yes, ma'am.
8        THE COURT:  Do you understand that the offense to
9    which you are pleading guilty is a felony?
10        THE DEFENDANT:  Yes.
11        THE COURT:  Are you fully satisfied with the advice,
12    counsel, and representation given to you by your attorney,
13    Ms. Benett?
14        THE DEFENDANT:  Yes.
15        THE COURT:  And do I correctly understand that you are
16    offering to plead guilty because you are, in fact, guilty?
17        THE DEFENDANT:  Yeah.  Yes.
18        THE COURT:  Sir, if you wish to plead guilty, I am
19    going to ask you to tell me what you did.  And as you can see,
20    your answers will be made in Ms. Benett's presence and your
21    answers will be recorded on the record.  I remind you again
22    that you're still under oath, so if you answer falsely, your
23    answers may later be used against you.  Do you understand, sir?
24        THE DEFENDANT:  Yes, I do.
25        THE COURT:  And do you still wish to plead guilty?

G5GSDEHP

1              THE DEFENDANT:  Yes, I do.
2              THE COURT:  Tell me what you did, Mr. DeHoyos.
3              THE DEFENDANT:  On or about January 9, 2014, I
4    conspired to rob a jewelry store in Cranford, New Jersey.
5              THE COURT:  All right, sir.  You knew that that was
6    unlawful activity, right?
7              THE DEFENDANT:  Yes, I did.
8              THE COURT:  Mr. Cooper, is there anything else further
9    by way of allocution?
10             MR. COOPER:  Yes, your Honor.
11             We would ask the Court to confirm with the defendant
12   that he understood that actual or threatened force or violence
13   were going to be used in the robbery of that jewelry store.
14             THE COURT:  Did you understand that, sir?  Did you
15   hear the question, sir?
16             THE DEFENDANT:  Yeah, I heard the question.
17             MS. BENETT:  Can we have one second to discuss that?
18             THE COURT:  Yes, ma'am.
19             MS. BENETT:  Thank you.
20             (Discussion off the record)
21             MS. BENETT:  I would ask the government if this is a
22   statutory element of the Hobbs Act conspiracy?
23             THE COURT:  Why don't you confer off the record with
24   the government.
25             MS. BENETT:  Yes.

1               (Discussion off the record)
2               MS. BENETT:  Your Honor, I think Mr. DeHoyos is ready
3     to proceed with what, to my understanding, should satisfy
4     counsel.
5               THE COURT:  Mr. DeHoyos, you'll recall that the
6     question Mr. Cooper asked was in connection with that
7     January 9, 2014 robbery in Cranford, New Jersey.  Did you
8     understand that force could be threatened or used?
9               THE DEFENDANT:  Yes, ma'am.
10              THE COURT:  Is there anything further by way of
11    allocution, Mr. Cooper?
12              MR. COOPER:  We would just proffer two things, your
13    Honor.  First on the element of interstate commerce.
14              THE COURT:  Yes, sir.
15              MR. COOPER:  Given to the burden at trial, the
16    government would prove that the items that were taken from the
17    jewelry store, were robbed from the jewelry store, had moved in
18    interstate commerce.
19              Second, with respect to venue, that coconspirators
20    traveled through the Southern District of New York during the
21    course of the commission of this robbery.
22              THE COURT:  Thank you.
23              MR. COOPER:  Thank you, your Honor.
24              THE COURT:  Ms. Benett, we don't dispute those facts,
25    do we?

1        MS. BENETT:  No, we do not.

2        THE COURT:  Thank you.

3        Do you know of any valid legal defense that would

4   prevail if Mr. DeHoyos went to trial?

5        MS. BENETT:  I do not, your Honor.

6        THE COURT:  Do you know of any reason why he should

7   not plead guilty?

8        MS. BENETT:  I do not, your Honor.

9        THE COURT:  Very well then.  The plea is accepted.  It

10  is the finding of the court in the case of the United States

11  against Jamal DeHoyos that the defendant is fully competent and

12  capable of entering an informed plea and that his plea of

13  guilty is knowing and voluntary and is supported by an

14  independent basis in fact containing each and every essential

15  element of the offense.  My findings are based upon

16  Mr. DeHoyos' allocution and, in addition, upon his appearance

17  in court before me today.  The plea of not guilty is withdrawn.

18  The plea of guilty is accepted and shall be entered.  The

19  defendant is now adjudged to be guilty of the offense.

20       Now, Mr. DeHoyos, as you know, you'll be required to

21  meet with the probation officer and to give the officer certain

22  information to be included in the presentence report.  Counsel

23  may be present with you when you meet with the probation

24  officer, if you want, but certainly both you and she and the

25  government will have a chance to read the presentence report

G5GSDEHP

1    prior to sentencing.  Sentencing will be on August 12 at
2    ten a.m.
3               Is there anything further today, counsel?
4               MR. COOPER:  No.  Thank you, your Honor.
5               MS. BENETT:  Nothing from the defense, other than that
6    the government moved to dismiss the open counts?
7               THE COURT:  At sentencing, Counsel.
8               MS. BENETT:  I'm sorry.
9               THE COURT:  Yes, ma'am.  Thank you, Ms. Benett.
10              Good afternoon, Counsel.
11              Thank you, Mr. Marshal.
12              (Adjourned)